**STATE, Plaintiff-Appellee, v. LOOKER, Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

No. 277.   Decided October 15, 1955.

William M. Junk, Washington C. H., for plaintiff-appellee.
Reed M. Winegardner, Washington C. H., for defendant-appellant.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

---

**OPINION**

By HORNBECK, J.

This is an appeal from the conviction and sentence of defendant-appellant on a charge of October 6, 1954 of unlawfully driving a motor vehicle without a driver's or operator's license, such license having been theretofore suspended or revoked. The action was instituted under §4507.38 R. C. Theretofore, in April, 1954, defendant had been charged

with, convicted of and sentenced for unlawfully operating a motor vehicle at a speed greater than was reasonable and proper. This charge was instituted under an Ordinance, No. 78 of the City of Washington C. H., Ohio, which ordinance is drafted in conformity with §6307-21 GC now §4511.21 R. C. which is the section of the Code embodying speed regulations and the "assured clear distance ahead" provision.

Although there are four specific errors assigned, all of them relate to the one question presented on the appeal, namely, the jurisdiction of the trial judge to suspend the automobile operator's license of appellant under authority of the conviction of violating the speed ordinance of the City of Washington C. H.

The jurisdiction to revoke appellant's license is found, if at all, in §4507.34 R. C. providing:

"Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, **of operating a motor vehicle in violaton of such** laws or **ordinances, relating to reckless operation,** the trial court of any court of record may, in addition to or independent of all other penalties provided by law. suspend for any period of time or revoke the license to drive of any person so convicted or pleading guilty to such offenses for such period as it determines, not to exceed one year." (Emphasis ours.)

The narrow question presented then is: Was appellant convicted of an ordinance "relating to reckless operation" of his motor vehicle. In our opinion, he was not.

Inasmuch as the ordinance here involved is taken from the provisions of §4511.21 R. C., we examine it to determine if it is an ordinance intended to define an offense relating to reckless operation of a motor vehicle. The comparable sections are §4511.20 and §4511.21 R. C. Inasmuch as they are separately numbered and contain different subject matter, they define separate offenses. Sec. 4511.20 R. C. is headed "Reckless operation of vehicles," the very language of §4507.34 R. C. Sec. 4511.21 R. C. is headed "Speed Regulations; assured clear distance ahead " Then, too, the constituent elements of the offenses defined in the two statutes are different. One might be convicted of a violation of a speed provision of §4511.21 R. C. and not be guilty of an offense under §4511.20 R. C., and even though the factual development would be sufficient to convict under §4511.20 R. C., if an offense was not charged thereunder, a conviction could not be had. The subject matter of §4511.20 R. C. is consistent with its heading. Thus, in our judgment, the offense of which defendant was first convicted under violation of the speed ordinance, was not a charge nor a conviction of "operating a motor vehicle in violation of an ordinance relating to reckless operation."

The Appellate Court of Summit County has taken the same view as we of these statutes in the **City of Akron v. Hull, 72 Oh Ap 449.** First and second syllabus of which read:

"A person charged with a particular offense cannot properly be convicted of another offense unless the latter is necessarily included in the former.

"Sec. 6307-21 GC, now §4511.21 R. C. (the so-called 'speed' statute), and §6307-20 GC, now §4511.20 R. C. (the so-called 'reckless driving'

38

statute), define separate and distinct offenses, and neither one is included in the other."

Inasmuch as the defendant had not been convicted of reckless operation of a motor vehicle, on the first charge the court was without jurisdiction under §4507.34 R. C. to suspend or revoke his license upon the second charge.

We appreciate that our holding is contrary to that of the Hamilton County Court of Appeals in State v. Joiner, 77 Oh Ap 298, and if counsel for appellee desires, we will certify our judgment to be in conflict with that of State v. Joiner.

The judgment will be reversed and the defendant will be dismissed.

MILLER, PJ, CONN, J, concur.